SAUL FRIEDMAN *vs.* DAVIS G. ARNOLD.

FEBRUARY 26, 1948.

PRESENT: Flynn, C. J., Capotosto, Baker and Condon, JJ.

FLYNN, C. J. This case is before us upon the plaintiff's exception to the decision of a justice of the superior court overruling his demurrer to the defendant's plea in abatement.

The plaintiff commenced the proceeding by an original writ, issued from the superior court, which summoned the defendant to answer the complaint of the plaintiff "in *actions* of trespass on the case *and* trespass on the case for libel and slander as by. declaration to be filed in court will be fully set forth . . . ." (italics ours) The declaration, filed in that court on the return day of the writ, recited that the defendant was duly summoned "in an action of trespass on the case and particularly, an action of trespass on the case for libel." The first count of the declaration is plainly in trespass on the case for libel, and the second count is based upon an alleged conspiracy between the defendant and other unnamed persons to cause the plain-

tiff to lose "his privilege or privileges to represent disabled war veterans . . . ."

To such writ and declaration the defendant filed a plea in abatement, and also a "Motion To Dismiss" the writ and declaration. The plaintiff then demurred to that plea, and also filed a demurrer to, and a motion to strike out, the defendant's motion to dismiss. After a hearing thereon, the trial justice overruled the plaintiff's demurrer and sustained the defendant's plea in abatement. From that decision the plaintiff has duly prosecuted his single exception to this court. The other pleadings and the trial justice's rulings thereon are therefore not before us.

The parties apparently do not dispute that at common law an original writ of this kind contained a statement of the nature of the particular wrong or complaint. They also agree that the form of a writ of summons issued from the superior court is now governed by general laws 1938, chapter 514, §9. The pertinent part of that section reads:

"We command you to summon of
 if to be found in your precinct,
to answer the complaint of of
on the return-day hereof (said return-day being the
 day of A.D. 19 ) in the
Superior Court to be holden at the county courthouse
at in an action of
as by declaration to be filed in court will be fully
set forth, to the damage of the plaintiff, as he says,
 dollars."

The plaintiff contends, in substance and effect, that the provisions of that statute are satisfied by a writ which summons the defendant to answer a mere form of action without any description to identify the particular complaint or nature of the action which is being commenced thereby. He contends that we should consider this writ as if it summoned the defendant to answer the plaintiff's complaint "in an action of trespass on the case," thus leaving the defendant to await the filing of the declaration in order to learn anything concerning the nature of the

action that he was being called upon to defend; and that, if so considered, the writ substantially conforms to the requirements of the statute.

The defendant on the other hand contends that the statute expressly contemplates that only one action can be initiated by a single writ, as at common law; that the present writ on its face shows an attempt to commence several actions; and also that compliance with the statute requires that a writ brought to commence an action in trespass on the case should contain some statement which, though general, would sufficiently identify the complaint or nature of the action, because an action on the case has many different subdivisions.

■■ In our opinion the trial justice did not err in holding that the defendant was entitled to a better writ. In this state the forms and principles of common-law pleading still prevail except as they are modified specifically by statute. Further, an action in this jurisdiction is legally commenced as of the date of a proper writ which is issued and delivered in good faith to the sheriff with directions that it be served on the defendant. *Cross* v. *Barber,* 16 R. I. 266; *Byron* v. *Great American Indemnity Co.,* 54 R. I. 405, 410, and cases cited.

■ In the instant case the writ by its terms seeks to commence several possible causes of action. Though all such actions may be brought under the general classification or form of trespass on the case or case, as it is often referred to, they nevertheless may be quite different in nature. Here the printed form of the writ, signed and sealed by the clerk of the superior court, followed the provisions of G. L. 1938, chap. 514, §9, which specifically require that the writ be brought "in *an action* of ." (italics ours) The plaintiff's attorney, who then filled in the blank spaces with dates, names of parties, *etc.,* deliberately struck out the printed words "an action of" and substituted the word "actions" so that the writ as issued summoned the defendant to answer "in *actions* of trespass

on the case *and* trespass on the case for libel and slander
. . . ." (italics ours) By his own pleading he thus served
notice that he did not intend to confine his writ to com-
mence one cause of action, as the statute and the original
printed form of the writ required. Such intent was con-
firmed later by the filing of a declaration that added a
second count based upon an alleged conspiracy, which obvi-
ously was different in nature from either slander or libel
and was nowhere identified in the writ.

A writ so drawn was not good at common law and
the plaintiff has presented no authority under our statute
or at common law to sustain it as against a timely plea
in abatement. It may be noted that in some states the
differences between law and equity and between various
causes of actions have been abolished by statute, at least
so far as pleading is concerned. Under such statutory or
code pleading many different causes of action apparently
may be brought in one complaint. But cases thereunder
are not helpful here where common-law distinctions and
pleading generally prevail.

But the plaintiff argues that by virtue of the statute
of jeofails, G. L. 1938, chap. 519, §1, the writ should be
considered as if it summoned the defendant merely "in an
action of trespass on the case," all else being surplusage;
and that, if so considered, the general description of the
form of action is enough to satisfy the provisions of G. L.
1938, chap. 514, §9.

 The statute of jeofails confers broad powers upon
the court to authorize amendments of irregularities in the
form of a writ, but such power is not unlimited. The de-
liberate changing of the printed words as they appear in the
form of the writ issued from the superior court in accordance
with G. L. 1938, chap. 514, §9, was not a mere irregularity
in form. Plaintiff's conduct in thus trying to make the
issuance of the writ serve as the commencement of several
different causes of action seeks in effect to change a sub-
stantial provision of the statute governing the issuance of

a writ of the kind here involved. If this were permitted, confusion rather than simplification in orderly pleading and practice would result.

In our opinion the writ in the instant case was misleading and defective and the trial justice's decision was correct. In view of such conclusion we need not consider and pass upon the other contentions made by the parties.

The plaintiff's exception is overruled, and the case is remitted to the superior court for further proceedings.

*Charles A. Curran*, for plaintiff.

*George F. Troy*, United States Attorney, and *Edward M. McEntee*, Ass't United States Attorney, for defendant.